IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN GLAZIER,

        Plaintiff,

                CIVIL ACTION
  vs.              No. 05-3198-GTV

SONDRA ELLIOTT,

        Defendant.

**ORDER**

 This matter is before the court on a civil rights complaint filed by a prisoner detained in a Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA). Petitioner proceeds pro se and seeks leave to proceed in forma pauperis.[1]

 Pursuant to 28 U.S.C. 1915(a)(2), a prisoner seeking leave to proceed in forma pauperis must submit a certified copy of the prisoner's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the prisoner is or was incarcerated. Plaintiff has not yet submitted this information, and the court

---

[1] Plaintiff states that Chris Myers, another prisoner at the CCA facility, provided assistance in drafting plaintiff's pleadings. Plaintiff is advised that any pleadings submitted to the court for filing must contain the original signature of the plaintiff. See D.Kan. Rule 5.1(b)("The original of every pleading, motion or other paper filed by a party not represented by an attorney shall bear the genuine signature of such pro se party.").

grants him additional time to do so.

Plaintiff seeks declaratory judgment, injunctive relief, and damages on allegations that his legal mail is being improperly handled, and that such misconduct is interfering with his access to the courts.

The Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances prior to bringing an action in federal court. 42 U.S.C. 1997e(a). Plaintiff has the burden of pleading exhaustion of administrative remedies, and "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003). Full exhaustion of administrative remedies on all claims is required. See Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)("total exhaustion" rule applies to 1997e(a)).

Here, plaintiff states only that he presented his claims for administrative review, and that CCA officials refused to answer his grievances (Doc. 1, p. 2). This is insufficient. To demonstrate reasonable efforts to pursue available grievances, plaintiff must provide a more detailed statement of his efforts. Steele, 355 F.3d at 1211.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted twenty (20) days to submit a certified financial statement in support of his application for leave to proceed in forma

2

pauperis.

IT IS FURTHER ORDERED that within the same twenty (20) days, plaintiff shall supplement the record with a detailed statement of his efforts to pursue available administrative remedies. The failure to file a timely response may result in the dismissal of this matter without prejudice and without prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge